### ALMOND *v.* STATE.

.Opinion delivered September 29, 1924.

PROSTITUTION—PANDERING ACT—EVIDENCE.—Under an indictment under the pandering act (Crawford & Moses' Dig., § 2703), for taking and detaining a female person for the purpose of sexual intercourse upon a pretense of marriage, evidence that defendant, a married man, induced a female person to 'leave her home and go with him upon a promise of marriage, upon his subsequently securing a divorce, is insufficient.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; reversed.

*C. D. Atkinson,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J.  Appellant has prosecuted an appeal to this court to reverse the judgment in the circuit court of Washington County against him for violating § 2703 of Crawford & Moses' Digest, commonly known as the "pandering act." The body of the indictment is as follows:

"The grand jury of Washington County, in the name and by the authority of the State of Arkansas, accuse Archie Almond of the crime of pandering, committed as follows, to-wit: The said Archie Almond, in the said county of Washington and in the State of Arkansas, on or about the 16th day of March, 1924, being then and

there a male person, did unlawfully and feloniously and by means of promises, artifice and fraud, and upon a pretense of marriage, inveigle, induce and persuade one Delia Huber, a female person, to leave her home, and, not being the husband of the said Delia Huber, did unlawfully and feloniously take and detain her, the said Delia Huber, for the purpose of sexual intercourse, against the peace and dignity of the State of Arkansas.''

Appellant's first assignment of error is that the indictment does not sufficiently charge an offense under said section of the statute. There is a provision in the pandering statute making it an offense to take or detain a female person for the purpose of sexual intercourse on the pretext of marriage, and the indictment sufficiently charged this offense.

Appellant's next assignment of error is that the evidence was insufficient to sustain the charge, and that the court erred in refusing to direct a verdict in favor of appellant. The undisputed facts are that appellant was a married man, and so informed the prosecutrix, Delia Huber, who was staying with her grandmother, four or five miles southwest of Lincoln, in Washington County, Arkansas.

Appellant and Delia Huber became acquainted on the 9th of March, 1924, and a short courtship ensued, to which the grandmother objected when appellant informed them that he was a married man. On March 16, 1924, after the grandmother interposed an objection to the courtship, appellant wrote Delia a letter in which he stated that he wanted her, and requested that she meet him at the lane. After dark she met him at the appointed place, whereupon they agreed to go to Fayetteville, where he would get a divorce and marry her. They immediately set out on foot for Fayetteville, traveling most of the night and next day. During the night they engaged in sexual intercourse. They spent the second night, under the claim of being husband and wife, at the home of Anna Strickler, where again they engaged in sexual inter-

course. The following morning they were arrested, and appellant was lodged in the county jail.

We agree with appellant that the evidence was insufficient to sustain the charge. The meaning of the clause, "upon the pretense of marriage," as employed in the statute, contemplates the procurement of sexual intercourse by a male with a female through a fictitious, fraudulent or pretended marriage, and has no relation to a promise of marriage in the future. The undisputed facts show that appellant practiced no artifice or fraud through a pretended marriage upon the prosecutrix. He told her, before they started to Fayetteville, that he was a married man, and would not marry her until he obtained a divorce. He simply made a promise to marry her in the future upon the contingency that he secured a divorce, and made no misrepresentations to her of any fact having a present existence. The trial court should have directed a verdict for appellant, and, on account of the error in not doing so, the cause is remanded, with directions to dismiss the indictment and discharge the defendant.